IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:11CR530 |
| | ) | |
| WILLIAM COLE, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

The defendant has filed a motion seeking to suppress all the statements he made to law enforcement following his arrest. (Docket Entry # 32). The defendant only made two statements to the police, both of which involved denials of being in Fairfax County. The government intends to introduce those statements at trial as false exculpatory statements. Because the defendant's statements to law enforcement about not having been to Fairfax County were not made in response to interrogation, *Miranda* does not require its suppression.

Factual Background

In the early afternoon of June 27, 2011, two men brandishing firearms and wearing painter's masks robbed the BB&T Bank located at 8416 Arlington Boulevard, Fairfax, Vienna. One of the robbers wore gray sneakers and black gloves and the other robber wore white gloves. Within hours, law enforcement

officers had probable cause to believe that the defendant was one of the armed bank robbers. One of the pieces of evidence linking the defendant to the bank robbery was an eyewitness account that two African American men were sitting inside a blue four-door BMW bearing Maryland tags 5AE9468 that was parked across the street from the bank before the bank robbery. That vehicle was registered to the defendant's sister, who had previously advised law enforcement in connection with another robbery investigation that the car belonged to her brother, William Cole.

Later that evening, the defendant was observed by law enforcement driving his blue four-door BMW 740-IL bearing Maryland tags 5AE9468 in Landover Hills, Maryland. During a traffic stop, law enforcement officers observed in plain view that the defendant was wearing gray sneakers and that off-white plastic gloves were on the center console. (A pair of black gloves were later found in the trunk of his vehicle). Law enforcement officers then arrested the defendant, and he was transported to the Prince George's County Police Station in Landover, Maryland, and placed in an interview room.

Shortly thereafter, Detective D. Bateman of the Fairfax County Police Department entered the interview room and introduced himself as "Detective Bateman from Fairfax County" and told the defendant that he was hoping he could

sit and talk with the defendant. Upon hearing this brief introduction, the defendant stated words to the effect, "I don't know what you would need to talk to me about. I haven't been to Fairfax County." Detective Bateman then asked, "you haven't been to Fairfax today?" The defendant replied, "No, I haven't been to Fairfax today. I have nothing to talk to you about." Because the defendant unequivocally refused to speak with law enforcement, neither Detective Bateman nor any other law enforcement officer interviewed the defendant.

Argument

The Defendant's Statements Claiming He Had Not Been in Fairfax County Are Admissible As They Were Not Made in Response to Interrogation and Thus Were Not Obtained in Violation of *Miranda*.

The Fifth Amendment provides in pertinent part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. In *Miranda v. Arizona*, the Supreme Court held that custodial interrogations have the potential to undermine the Fifth Amendment privilege against self-incrimination by possibly exposing a suspect to physical or psychological coercion. 384 U.S. 436, 448-50, 455 (1966). To guard against such coercion, the Supreme Court established a prophylactic procedural mechanism requiring officers to advise a suspect in custody of the following rights and warnings before any questioning takes place: (1) the right to remain silent; (2) any

3

statements can be used against him at trial; (3) the right to the presence of a lawyer during questioning; and (4) if he cannot afford an attorney, one will be appointed. *Miranda*, 384 U.S. at 444. The Court held that unless the suspect is warned of these Fifth Amendment rights, any pretrial statements elicited from the suspect during custodial interrogation are inadmissible at trial. *Id*. at 492.

*Miranda* and its progeny have repeatedly held that such warnings are required only when a suspect is *interrogated* while in custody.[1] *See, e.g.*, *Miranda*, 384 U.S. at 444; *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). In *Rhode Island v. Innis*, the Supreme Court defined "interrogation" as "express questioning or its functional equivalent." 446 U.S. at 300-01 (1980). The functional equivalent of interrogation consists of "words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id*. at 301.

Here, it is clear that Detective Bateman's brief introduction (stating his name, where he worked, and his purpose for being there) did not amount to

---

[1] The government does not dispute that the defendant was in custody. "Custody" is the deprivation of "freedom of action in any significant way." *Miranda*, 384 U.S. at 444; *see also Stansbury v. California*, 511 U.S. 318, 322 (1994) (per curiam) (ultimate inquiry is "whether there [was] a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest" (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)). At the time Detective Bateman approached the defendant about the possibility of a consensual interview, the defendant had been arrested and taken into custody.

questioning or its functional equivalent. In stating that he was a Detective from Fairfax County and that he was hoping to sit and talk with the defendant, Detective Bateman did not ask the defendant any questions or say anything that would invite an incriminating response. Simply advising a subject of law enforcement's interest in speaking with him is insufficient to constitute interrogation. *See United States v. Head*, 407 F.3d 925, 927-29 (8th Cir. 2005) (FBI agent's statement informing defendant in custody that he wanted to talk to him about what had happened that morning did not constitute interrogation). Nor was there anything about this brief introduction that was reasonably likely to elicit an incriminating statement. Indeed, without being asked any questions whatsoever, the defendant volunteered that he did not know why Detective Bateman would want to speak with him as he (the defendant) had not been to Fairfax County. "[V]olunteered statements of any kind are not barred by the Fifth Amendment and their admissibility [is not implicated by *Miranda*]." *Id.* at 300.

The defendant's second statement, wherein he reiterated that he had not been to Fairfax County, was made in response to Detective Bateman's question, "You haven't been to Fairfax today?" In asking this question, Detective Bateman was merely seeking clarification as to what the defendant meant when he said he had not been to Fairfax. Although the defendant's second statement was made in

5

response to Detective Bateman's question, that statement was also not obtained in contravention of *Miranda*. Follow-up questions to volunteered statements do not implicate *Miranda*. *See*, *e.g.*, *United States v. Rommy*, 506 F.3d 108, 133 (2d Cir. 2007) ("[W]here a person in custody volunteers incriminating information to the police, simple clarifying questions do not necessarily constitute interrogation); *United States v. Gonzalez*, 121 F.3d 928, 940 (5th Cir. 1997) (ruling that "when a suspect spontaneously makes a statement, officers may request clarification" of ambiguities "without running afoul of the Fifth Amendment."); *Anderson v. Thieret*, 903 F.2d 526, 532 (7th Cir. 1990) (rejecting *Miranda* challenge when, in response to suspect's volunteered statement, "I stabbed her," police asked, "Who?"). *But see United States v. Crowder*, 62 F.3d 782, 785-86 (6th Cir. 1995) (holding that police officer interrogated suspect when, after suspect said shotgun was "in the wood," officer asked clarifying question about location). Where, as here, an officer's question seeks to clarify the defendant's volunteered statement rather than to expand its scope, such question does not become an interrogation for purposes of *Miranda*. *See United States v. Rommy*, 506 F.3d at 133.

## Conclusion

Because the defendant's initial statement to Detective Bateman was voluntary and not in response to questioning or its equivalent, that statement was

not made in violation of *Miranda* or the Constitution.  As a result, the defendant's first false exculpatory statement – "I don't know what you would need to talk to me about, I haven't been to Fairfax County" – is admissible at trial.  In addition, because Detective Bateman followed-up with "You haven't been to Fairfax today?" in an attempt to clarify the defendant's volunteered statement, the defendant's second false exculpatory statement reiterating that he had not been to Fairfax that day was not a product of a *Miranda* violation.  Accordingly, the defendant's motion to suppress his post-arrest statements should be denied.

                Respectfully Submitted,

                Neil H. MacBride
                United States Attorney


By:        /s/
                Patricia T. Giles
                Rebeca H. Bellows
                Assistant United States Attorneys
                United States Attorney's Office
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Telephone (703)299-3700
                Facsimile (703)299-3982
                patricia.giles@usdoj.gov
                becky.bellows@usdoj.gov

<u>Certificate of Service</u>

I certify that on this 17th day of January, 2012, I electronically filed the foregoing Government's Opposition to Defendant's Motion to Suppress Statements with the Clerk of the Court using the CM/ECF system, and sent a copy *via* electronic mail to the following:

Jonathan A. Simms, Esq.
Attorney for William Cole
Simms & Harris, PLLC
11325 Random Hills Road
Fairfax, Virginia 22030
jsimms_esq@yahoo.com

                                       /s/
                             Rebeca H. Bellows
                             Assistant United States Attorney
                             United States Attorney's Office
                             2100 Jamieson Avenue
                             Alexandria, VA 22314
                             Telephone (703)299-3700
                             Facsimile (703)299-3982
                             Email: becky.bellows@usdoj.gov