**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

WILLIAM LOUIS COLE, JR.,          )
                                  )
          Petitioner,             )
V.                                )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          Respondent.             )
_____)



Criminal No. 1:11CR530
Civil Action No. 1:14CV575

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on the Motion of William Louis Cole, Jr. ("Petitioner") to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.

On April 25, 2012, the Petitioner was found guilty on four counts: (1) conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; (2) armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); (3) using and carrying a firearm during an in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and(4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On July 13, 2012, the Court sentenced the Petitioner to 60 months of imprisonment on Counts 1, 2, and 4 to run concurrently, followed by a consecutive term of 84 months of imprisonment on Count 3.

1

On July 20, 2012, the Petitioner filed a notice of appeal in the Fourth Circuit on numerous grounds including constitutional violations related to jury selection, a traffic stop, insufficiency of the evidence, and the application of an obstruction of justice enhancement under U.S.S.G. § 3C1.1. On July 18, 2013, the Fourth Circuit affirmed the Petitioner's conviction.  Following the filing of this motion and the Court's affirmation of his conviction, the Petitioner filed the instant Motion pursuant to 28 U.S.C. § 2255.

The Petitioner states four grounds in support of his Motion: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) prosecutorial misconduct; and (4) plain error by this Court.

A prisoner in federal custody who has exhausted his direct appeal may attack his sentence on four limited grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Defendants are typically barred from litigating non-constitutional claims that were not raised on direct appeal, United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010), and from re-litigating claims the merits of which were raised and decided on direct appeal.

2

United States v. Linder, 561 F.3d 339, 343 (4th Cir. 2009)
(Motz, J., dissenting); see also United States v. Molen, 43 F.3d
1469 (4th Cir. 1994) (table).

The benchmark for judging any claim of ineffective
assistance of counsel is whether counsel's conduct so undermined
the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result. Strickland
v. Washington, 466 U.S. 668, 686 (1984). Claims of ineffective
assistance of counsel are evaluated by the rigorous two-pronged
test established in Strickland, 466 U.S. at 687-88. The test
requires a defendant to prove: (1) that counsel's performance
was defective; and (2) that the deficient performance prejudiced
the defendant. Id. Failure to make the required showing of
either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id. at 700.

First, to show that counsel's performance was deficient, a
defendant must show that counsel's performance fell below an
objective standard of reasonableness in light of the prevailing
professional norms. Bell v. Evatt, 72 F.3d 421, 427 (4th Cir.
1995) (citing Strickland, 466 U.S. at 688). Second, to show
prejudice, a defendant must show that counsel's errors were so
serious as to deprive him of a fair trial, not merely that the
outcome of the trial would have been different. Lockhart v.

Fretwell, 506 U.S. 364, 369 (1993) (citing Strickland, 466 U.S. at 687).

Nevertheless, conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing. See, e.g., Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (abrogated on other grounds); see also United States v. Crawford, 1994 WL 672635 at *2-3 (E.D. Pa. Nov. 28, 1994) (denying defendant's 2255 petition alleging ineffective assistance of counsel and prosecutorial misconduct where the defendant only made conclusory allegations without factual basis for his claims).

The Petitioner argues ineffective assistance of counsel of both his trial counsel and appellate counsel. The Petitioner argues that his trial counsel was ineffective by failing to conduct an adequate investigation into the government's case in chief, failing to interview the government's witnesses, and failing to inform him of his right to testify. The Petitioner did not proffer any specific information regarding how counsel failed to investigate the case.  The Petitioner also did not identify which witnesses counsel should have interviewed or suggest how the outcome of the trial would have been altered.

The Petitioner argues that his appellate counsel was ineffective by failing to conduct an adequate investigation,

4

communicate with the Petitioner, or file a supplemental brief addressing a recently passed Supreme Court decision that would apply to his case. Yet, the Petitioner does not demonstrate what other investigation counsel should have done or how often counsel communicated with the Petitioner.  The Petitioner also does not proffer any instances when counsel failed to communicate with him. Moreover, the Petitioner does not identify the Supreme Court case he mentions, or how the outcome of the decision of that case would apply here. The Petitioner also claims that counsel wrote him a letter expressing that the Supreme Court case applied to him, yet he does not even attach any evidence of said letter. Therefore, the Petitioner neither received constitutionally defective counsel, nor was he prejudiced in any way.

Furthermore, the burden is on the Petitioner to prove prosecutorial misconduct. See United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). A defendant must show: (1) the prosecutor's remarks or conduct were improper; and (2) such remarks or conduct prejudicially affected his substantial rights so as to deprive the defendant of a fair trial. Id. (citing United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993).

For the Petitioner to meet that burden, the habeas petition "is expected to state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 75

n.7 (1977). If it plainly appears from the motion and the record of any prior proceedings that the moving party is not entitled to relief, the motion must be dismissed. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Therefore, vague and conclusory allegations in a § 2255 petition may be dismissed without further investigation by this court. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

The Petitioner asserts that the government committed fraud upon him by misrepresenting the fact that Frank Grimes was never made available to the Petitioner or his attorney during trial and intentionally misled the appellate attorney through email correspondence. The Petitioner has not shown any evidence regarding the alleged misrepresentation, nor does the Petitioner even include the alleged fraudulent email sent to appellate counsel. Nor is there any evidence in the record (or any nonrecord evidence) that supports his claim that the outcome of his case would have been different.

The general rule is that that writ of habeas corpus "will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). When a Petitioner fails properly to raise a claim on direct review, the writ is only available if the Petitioner can establish "cause" for the wavier and shows "actual prejudice resulting from the alleged . . .

violation." Wainwright v. Sykes, 433 U.S. 72, 84 (1977). While ineffective assistance of counsel can constitute cause, United States v. Mikalajunas, 196 F.3d 490, 493 (4th Cir. 1999), the claim must have merit. See Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013). Therefore, when a defendant only asserts conclusory allegations, it is insufficient to establish the requisite prejudice under Strickland, and relief is properly denied. See United States v. Terry, 366 F.3d 312 (4th Cir. 2004).

The Petitioner alleges that the Court erred in sentencing him for brandishing under 18 U.S.C. § 924(c), not providing an alibi instruction, and refusing to order the prosecution to turn over the name and contact information of exculpatory witnesses. These are not appropriate issues for habeas review.

For the foregoing reasons, the Petitioner's Motion should be denied.

An appropriate Order shall issue.

/s/

Claude M. Hilton
United States District Judge

Alexandria, Virginia
July 3♦, 2014

7