IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| WILLIAM LOUIS COLE, JR., ) | |
| ) | |
| Petitioner, ) | Criminal No. 1:11-cr-530 |
| v. ) | Civil No. 1:14-cv-575 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner William Louis Cole, Jr.'s ("Petitioner's") Motion to Vacate or Set Aside his Sentence under 28 U.S.C. § 2255.

On April 25, 2012, a jury found Petitioner guilty of the following counts: (1) Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 371; (2) Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d); (3) Using and Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c); and (4) Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g). After he was sentenced to a total of 144 months imprisonment,[1] his conviction was affirmed by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") on July 18, 2013.

---

1 Petitioner was sentenced to 60 months imprisonment on Counts 1, 2, and 4 to run concurrently, followed by a term of 84 months imprisonment on Count 3 to run consecutively.

Petitioner's motion states four grounds for relief: (1) ineffective assistance of counsel at trial; (2) ineffective assistance of counsel on appeal; (3) prosecutorial misconduct; and (4) plain error by this Court.

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

"The proper standard for attorney performance is that of reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687 (1984). Claims of ineffective assistance are evaluated using a two-part test: first, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness; second, a petitioner must show that "the deficient performance prejudiced the defense." Id. at 687-88. "Failure to make the required showing of either deficient

performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

Objective reasonableness is "simply reasonableness under prevailing professional norms...considering all the circumstances" regarding the representation. Id. at 688. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 689-90; see, e.g., United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997). Review of counsel's performance must be comprehensive and not narrowly limited to counsel's failings in determining whether the presumption of adequate assistance has been overcome, Strickland, 466 U.S. at 691, and courts should be reluctant to second guess the tactics of trial lawyers. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1997).

To satisfy the second prong of the Strickland test, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A defendant must affirmatively prove prejudice that is "so serious as to have deprive[d] [him] of a fair trial." Id. at 687. Because "[t]he

3

defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 697)).

In order to prove prosecutorial misconduct, Petitioner must prove two elements: "that (1) the prosecutor's remarks or conduct must in fact have been improper and (2) such remarks or conduct must have prejudicially affected [his] substantial rights so as to deprive [him] of a fair trial." United States v. Bereano, 161 F.3d 3, 9 (4th Cir. 1998). Courts review prosecutorial misconduct claims "to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. (internal quotation marks omitted).

An evidentiary hearing is necessary when it is unclear "from the pleadings and the files and records that the prisoner is entitled to no relief…." Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). Here, the evidence is sufficient for this Court to determine that Petitioner's allegations entitle him to neither an evidentiary hearing nor § 2255 relief for the reasons stated below.

Petitioner alleges his trial attorney committed misconduct when he failed to interview government witnesses and failed to

4

inform Petitioner of his right to testify. Regarding Petitioner's claim that his trial attorney did not interview multiple government witnesses prior to trial, not all of these witnesses were even known to his attorney prior to trial and those that were known were not sufficiently important to require investigation under Tucker v. Ozmint, 350 F.3d 433, 444 (4th Cir. 2003). He also claims he was not informed of his right to testify, but "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (abrogated on other grounds). Allowing conclusory allegations to trigger an evidentiary hearing "would encourage meritless petitions burdening judicial resources." Id. Here, Petitioner has not produced anything but a bare assertion in support of his argument that he was not informed of his right to testify.

Even if Petitioner's allegations were true, he has not alleged error by his trial counsel that was "so serious as to deprive [him] of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (citing Strickland, 466 U.S. at 687). Moreover, Petitioner fails to demonstrate any prejudice to his case as a result of the alleged misconduct and "[i]f the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297. Because he has not

5

demonstrated the requisite prejudice, Petitioner has not set forth a valid claim under <u>Strickland</u> and his ineffective assistance of trial counsel claim fails on that ground alone.

Petitioner alleges his appellate attorney failed to adequately investigate pre-trial and trial transcripts, failed to communicate with him adequately enough to prevent him from "relinquish[ing] his right to have plain error issues raised[,]" and failed to file a supplemental brief based on <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). General statements—such as the alleged failure to investigate and failure to communicate—do not satisfy Petitioner's burden to show his attorney's performance "fell below an objective standard of reasonableness in light of the prevailing professional norms[.]" <u>Bell v. Evatt</u>, 72 F.3d 421, 427 (4th Cir. 1995). Moreover, it is unnecessary to consider his appellate attorney's alleged misconduct because Petitioner has again failed to demonstrate any prejudice to his case as a result of the alleged misconduct as required by <u>Fields</u>.

In <u>Alleyne</u>, the Supreme Court overruled <u>Harris v. United States</u>, 536 U.S. 545 (2002), and held that "any fact that increases [a] mandatory minimum is an 'element' that must be submitted to the jury." <u>Alleyne</u>, 133 S. Ct. at 2155. <u>Alleyne</u> was decided after Petitioner's trial and appeal to the Fourth Circuit, but one month prior to the Fourth Circuit's affirmation

6

of his conviction, making it applicable at the time of the Fourth Circuit's decision. Regardless of whether Petitioner's appellate counsel should have filed a supplemental brief, this claim fails because Petitioner has not shown any prejudice to his case; specifically, there was ample evidence that a firearm was in fact brandished by Petitioner. Again, because Petitioner has not demonstrated prejudice, he has not set forth a valid claim under <u>Strickland</u> and his ineffective assistance of appellate counsel claim fails.

Petitioner relies on two e-mails to support his allegation of prosecutorial misconduct, but neither of the e-mails displays any misconduct. The government was not even a party to the first e-mail, which was a conversation between Petitioner's trial and appellate counsel. The second e-mail exchange includes the prosecutor, but it is nothing more than a routine communication between attorneys. Thus, Plaintiff's prosecutorial misconduct claims are entirely without merit.

Petitioner's final argument, that this Court committed plain error during his trial, is raised here for the first time. He claims this Court erred in considering that he brandished a firearm during sentencing and by failing to give a specific alibi instruction to the jury even after acknowledging in his § 2255 motion that he "relinquished" his right to raise plain error issues on appeal to the Fourth Circuit. In his reply to

7

the government's opposition, he again recognized his "default of all claims of error and abuse of discretion by the District Court." He now claims his waiver of this argument is the result of his appellate counsel's ineffective assistance. This theory does not hold water for the reasons stated above; because Petitioner did in fact receive effective assistance of counsel at all stages of trial and appeal, he has not put forth any valid basis for his failure to raise this issue on appeal and he is barred from raising these issues for the first time here. Petitioner raises these allegations of error by the trial court for the first time here on collateral attack. This he may not do, as "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)).

On January 23, 2015, Petitioner moved this Court for additional time in which to reply to the government's opposition to his § 2255 motion. He then filed his reply on February 19, 2015. This Court did not previously rule on Petitioner's motion for an extension of time, but it did consider all his pleadings—including his February 19, 2015, reply—in reaching its decision on his § 2255 motion.

In sum, Petitioner received effective assistance of counsel at trial and on appeal, there is no merit to his prosecutorial

8

misconduct claim, and he waived his claim that this Court committed plain error at trial. Therefore his motion should be denied.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 29, 2015